# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **DEARK BAILEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **No. 3:24-cv-00577** |
| **v.** ) | **Judge Trauger** |
| ) | |
| **KC WHISKEY RIVER, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Deark Bailey filed a pro se complaint against KC Whiskey River, LLC. (Doc. No. 1.) The plaintiff also filed an application to proceed as a pauper that sufficiently indicates he cannot pay the full civil filing fee in advance "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Accordingly, the application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

The case is now before the court for initial review. "Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and [they] should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). However, the court must review and dismiss any complaint filed in forma pauperis if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In doing so, the court applies the standard for Federal Rule of Civil Procedure 12(b)(6), *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010), by viewing the complaint in the light most favorable to the plaintiff and taking all well-pleaded

factual allegations as true, *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). The court determines if the plaintiff's allegations "plausibly suggest an entitlement to relief," *Williams*, 631 F.3d at 383 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The complaint brings claims for discrimination on the basis of race and sexual orientation under Title VII of the Civil Rights Act of 1964 ("Title VII"). Title VII is a key part of "the federal policy of prohibiting wrongful discrimination in the [n]ation's workplaces." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 342 (2013). Title VII makes it unlawful for an employer to discriminate against any individual with respect to her "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII's prohibition on sex discrimination encompasses discrimination based upon an employee's sexual orientation. *Boshaw v. Midland Brewing Co.*, 32 F.4th 598, 603 (6th Cir. 2022) (citing *Bostock v. Clayton County*, 140 S. Ct. 1731, 1833-34 (2020)). A Title VII discrimination plaintiff must plausibly allege that: (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the position in question; and (4) he was treated differently from similarly situated individuals outside of her protected class. *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 709 (6th Cir. 2006); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 570 (6th Cir. 2004) (citing *Perry v. McGinnis*, 209 F.3d 597, 601 (6th Cir. 2000)).

Here, the plaintiff, an African-American gay male, alleges that the defendant hired him as a manager-in-training, and he was subsequently elevated to the position of kitchen manager on August 2, 2022. (Doc. No. 1 at 3.) Frank Ficili, the restaurant's general manager, initially gave the

plaintiff a positive review. *Id*. at 4. However, Ficili terminated the plaintiff on September 30, 2022, leaving no African-Americans on staff. *Id*. The separation notice stated that the plaintiff was unable to perform the duties of kitchen manager and was not a "good fit." *Id*. at 5. The timing of this termination meant that the plaintiff was ineligible for a performance bonus. *Id*. The plaintiff was replaced by a white male who transferred from another restaurant owned by the defendant. *Id*. On October 3, 2022, District Manager Martha Smith gave the plaintiff a positive recommendation. *Id*. at 5-6.

As a threshold matter, the complaint does not state a colorable claim based on sexual orientation because the plaintiff does not allege that he was treated differently from similarly-situated heterosexuals. "Instead, all that [the plaintiff] has offered . . . is h[is] own subjective belief that []he was . . . discriminated against" on the basis of sexual orientation. *Neff v. City of E. Lansing*, 724 F. App'x 448, 452 (6th Cir. 2018). Although the plaintiff may feel personally aggrieved because he was terminated, such subjective beliefs alone are insufficient to establish a plausible right to relief. *See Shorter v. Magneti Marelli of Tenn., LLC*, 613 F. Supp. 3d 1044, 1051-52 (M.D. Tenn. 2020) (citing *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 585 (6th Cir. 1992)).

The plaintiff has, however, stated a colorable claim for discrimination based on racial discrimination. The plaintiff need not establish all the elements of a Title VII claim at this stage, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); he need only plausibly suggest a plausible entitlement to relief. *Williams*, 631 F.3d at 383; *see also Serrano v. Cintas Corp.*, 699 F.3d 884, 897 (6th Cir. 2012) (explaining that as long as the complaint "provides an adequate factual basis for a Title VII discrimination claim, it satisfies the pleading requirements of Federal Rule of Civil Procedure 8(a)(2)"). Here, the plaintiff alleges that he is a member of a protected class (African-American); he was terminated; he was qualified for the kitchen manager position; and he was

3

treated differently than a white employee of the same company. Liberally-construed, these allegations are sufficient to suggest a plausible right to relief.

Accordingly, the court concludes that the plaintiff has stated a non-frivolous claim against the defendant for racial discrimination under Title VII. All other claims are **DISMISSED**. The court's determination that the complaint states a colorable claim for purposes of this initial screening does not preclude the court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude the defendants from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

The court will direct the U.S. Marshals Service to serve the complaint (Doc. No. 1) on KC Whiskey River, LLC, at no cost to the plaintiff. However, in order for the U.S. Marshals Service to serve the defendants, the plaintiff must complete and return two forms: "Process Receipt and Return" (AO 285) and "Summons in a Civil Action" (AO 440). These forms are together referred to as a "service packet." The Clerk is **DIRECTED** to send the plaintiff one service packet. The plaintiff **MUST** complete the service packet for KC Whiskey River, LLC, and then return the completed service packet to the Clerk's Office within **21 DAYS** of the date this order is entered on the docket. Upon return of the completed service packet, **PROCESS SHALL ISSUE**. The plaintiff is warned that failure to return the completed service packet within the required time period could jeopardize his prosecution of this action.

This action is **REFERRED** to the Magistrate Judge to oversee service of process, enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72 of the Federal Rules of Civil Procedure and the Local Rules of Court. The plaintiff is cautioned that he must keep the court informed of his current address at all times

4

or face dismissal for want of prosecution. Fed. R. Civ. P. 41(b); Local Rule 41.01(b). Additional resources for pro se litigants, including forms, handbooks, and information sheets, are available on the court's website. *See* https://www.tnmd.uscourts.gov/representing-yourself-federal-court.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge