UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEARK BAILEY,<br><br>    Plaintiff,<br><br>v.<br><br>KC WHISKEY RIVER, LLC,<br><br>    Defendant. | Case No. 3:24-cv-00577<br>Judge Aleta A. Trauger |

## MEMORANDUM

Before the court is the defendant's Motion to Dismiss (Doc. No. 30), which seeks the involuntary dismissal of this case with prejudice to refiling under Rule 37 of the Federal Rules of Civil Procedure or, in the alternative, dismissal with prejudice to refiling under Rule 41 for failure to prosecute this action. The motion is supported by a Memorandum of Law and exhibits. (Doc. Nos. 31–31-4.) The plaintiff, Deark Bailey, has not responded to the motion. Also pending before the court is defendant's Motion to Stay and to Modify the Scheduling Order. (Doc. No. 33.) The plaintiff similarly has not responded to the motion. For the reasons set forth herein, the Motion to Dismiss will be granted and the Motion to Stay will be denied as moot.

**I.    BACKGROUND**

The *pro se* plaintiff, Deark Bailey, is an African-American gay male formerly employed by the defendant KC Whiskey River, LLC. (Doc. No. 1.) The plaintiff alleges that he was hired by the defendant as a manager-in-training and that he was subsequently elevated to the position of kitchen manager on August 2, 2022. (Doc. No. 1 at 3.) The restaurant's general manager, Frank Ficili, initially gave the plaintiff a positive review. (*Id.* at 4.) However, Ficili terminated the plaintiff on September 30, 2022, leaving no African-Americans on staff. (*Id.*) The separation notice

stated that the plaintiff was unable to perform the duties of kitchen manager and was not a "good fit." (*Id*. at 5.) The timing of this termination meant that the plaintiff was ineligible for a performance bonus. (*Id*.) The plaintiff was replaced by a white male who transferred from another restaurant owned by the defendant. (*Id*.) On October 3, 2022, following the plaintiff's termination, District Manager Martha Smith gave him a positive job recommendation. (*Id*. at 5–6.)

The plaintiff originally filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000 *et seq.*, for discrimination based on race and sexual orientation. (Doc. No. 1 at 1, 2.) The plaintiff submitted with his Complaint a copy of the EEOC's right to sue notice, issued on February 7, 2024. (Doc. No. 1-1.) The plaintiff subsequently filed his Complaint in this court on May 8, 2024. (Doc. No. 1.) On the same day, the plaintiff applied to proceed *in forma pauperis* ("IFP") (Doc. No. 2), and the court granted plaintiff's application on June 17, 2024 (Doc. No. 5).

Because plaintiff was permitted to proceed IFP, the court screened his Complaint consistent with 28 U.S.C. § 1915(e)(2)(B) and found that the plaintiff stated a colorable claim of race-based discrimination under Title VII. (Doc. No. 5.) However, the court dismissed all remaining claims alleging discrimination based on sexual orientation because the plaintiff did not allege that he was treated differently from similarly situated heterosexuals. *Id.* The court then referred the case to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(A) and (B) to oversee service of process, enter a scheduling order for management of the case, and to dispose or recommend disposition of any pretrial motions. (Doc. No. 5.)

On April 21, 2025, the defendant served on plaintiff its First Set of Interrogatories and Requests for Production of Documents. (Doc. No. 25.) The plaintiff failed to respond to the initial

requests and defendant's subsequent follow-up emails. (*Id.*) Roughly two months later, the defendant moved for a telephonic discovery dispute conference (*see id.*), and the Magistrate Judge convened the conference on July 15, 2025 (Doc. No. 28). The defendant attended the conference, but the plaintiff did not appear. (*Id.*) Subsequently, the Magistrate Judge ordered the defendant to file an appropriate motion to address the status of discovery and the prosecution of this case. (Doc. Nos. 28, 29.) On July 17, 2025, the defendant filed the instant Motion to Dismiss and Memorandum in support. (Doc. Nos. 30, 31.)

The plaintiff did not respond to the defendant's Motion to Dismiss, which argues that the case should be dismissed with prejudice under either Rule 37 or Rule 41 of the Federal Rules of Civil Procedure for failure to participate in and prosecute this action. (Doc. No. 30.) Roughly four months later, the defendant filed a Motion to Stay and Modify the Scheduling Order. (Doc. No. 33.) The defendant asks that the court stay all remaining case deadlines and proceedings pending resolution of its Motion to Dismiss and, to the extent the action survives the motion, to amend the deadlines set forth in the current Scheduling Order. *Id.*

The docket reflects that it has now been over 470 days since the plaintiff last took action in this case.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled

that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736. The Sixth Circuit therefore affords district courts "'substantial discretion'" regarding decisions to dismiss for failure to prosecute. *Id.*[1]

Courts are to consider four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)). "[N]one of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice

---

[1] This court's Local Rules provide that "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed . . . without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." L.R. 41.01(a) (dismissal of inactive cases). However, a district court can dismiss an action for noncompliance with a local rule "only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)).

III.     ANALYSIS

A.     The Plaintiff's Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). The plaintiff's repeated failures to respond to the defendant's interrogatories and requests for production, failure to appear for the July 15, 2025 discovery conference, and failure to respond to defendant's motion to dismiss demonstrate bad faith, willfulness, or fault for purposes of Rules 37 and 41(b). *See, e.g., Dickey v. Chagrin Tavern LLC*, No. 1:21-CV-00733, 2022 WL 597260, at *3 (N.D. Ohio Feb. 28, 2022) (finding that pro se plaintiff's repeated refusal to participate in discovery, including failure to respond to discovery requests and to schedule a deposition, weighed in favor of Rule 37 dismissal); *Febus v. Ethicon, Inc.*, No. 3:12-cv-00727, 2019 WL 7496564, at *4 (M.D. Tenn. Dec. 3, 2019) (finding that a plaintiff "demonstrated a disregard for the cost of her conduct on the proceeding she initiated" and "amount[ed] to a clear record of delay and contumacious conduct" where "[plaintiff's] disappearance caused her to miss . . . discovery deadlines, violate . . . orders that she appear at a settlement conference and . . . ignore various motions to dismiss"), *report and recommendation adopted*, 2020 WL 70925 (M.D. Tenn. Jan. 7, 2020). This factor therefore weighs in favor of dismissal.

B.     Prejudice to the Defendant

The second factor to examine is whether defendant has been prejudiced by the plaintiff's failure to prosecute. Generally, "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the

defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation," such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer* that, "[i]f such efforts . . . [were] alone sufficient to establish prejudice" for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice," a "result [that] would defy common sense." *Id.* at 740.

Here, the record shows that the defendant repeatedly contacted the plaintiff to help facilitate his discovery responses (Doc. Nos. 31–31-4); filed a motion for a discovery dispute conference when those efforts failed (Doc. No. 25); and filed a motion to dismiss after the plaintiff failed to attend the discovery conference (Doc. No. 30). The court finds that the defendant has been prejudiced by the plaintiff's conduct and that the second factor weighs in favor of dismissal. *Accord Carpenter*, 723 F.3d at 707; *Harmon*, 110 F.3d at 368.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at

615). In its Scheduling Order, the court advised the parties that failure to respond to a dispositive motion "may result in the Court finding that the motion is not opposed, taking the facts alleged in the motion as true, and granting the requested relief." (Doc. No. 15 at 5.) The court also explained that it may result in the dismissal of the case. *Id.* The third factor therefore weighs in favor of dismissal.

### D. Appropriateness of Other Sanctions

The defendant seeks dismissal of this action with prejudice. (Doc. No. 30.) Dismissal with prejudice is a harsh "'sanction of last resort.'" *Peltz v. Moretti*, 292 F. App'x 475, 478 (6th Cir. 2008). However, the court finds that the less-drastic sanction of dismissal without prejudice is available and appropriate here. The Local Rules establish that dismissal of inactive cases "shall be without prejudice to refile or to move the court to set aside the order of dismissal for just cause." L.R. 41.01(a). Dismissal without prejudice balances the court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Dismissal without prejudice is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears *pro se*. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).[2]

---

[2] The court also notes that, even though the dismissal is without prejudice, the statute of limitations might ultimately bar refiling.

## IV. CONCLUSION

For the reasons set forth herein, the court will grant the defendant's motion (Doc. No. 30) and dismiss this case without prejudice. The defendant's Motion to Stay and Modify the Scheduling Order (Doc. No. 33) is subsequently denied as moot. An appropriate Order is filed herewith.

Aleta A. Trauger
United States District Judge